# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL JOHN BRADWAY,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br><br>JAMES E. TILTON, Secretary, et al.,<br><br>　　　　　　　　　Respondents. | CASE NO. 07cv0022 – IEG (POR)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT (Doc. No. 9);**<br><br>**(2) REJECTING PETITIONER'S OBJECTIONS (Doc. No. 11);**<br><br>**(3) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1); and**<br><br>**(4) ISSUING CERTIFICATE OF APPEALABILITY.** |

　　　On January 3, 2007, petitioner Gabriel John Bradway, a state prisoner proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his February, 2004 conviction for first degree murder with the special circumstance of lying in wait. (Doc. No. 1.) This matter was referred to United States Magistrate Judge Louisa S. Porter pursuant to 28 U.S.C. § 636(b)(1)(B). On October 31, 2007, Magistrate Judge Porter issued a Report and Recommendation ("Report") recommending the Court deny the petition for writ of habeas corpus. Petitioner filed objections to the Report on December 3, 2007. (Doc. No. 27.)

　　　Following *de novo* review of petitioner's claim, the Court finds Magistrate Judge Porter's Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition.

For the reasons explained below, the Court: (1) adopts in full Magistrate Judge Porter's Report; (2) rejects the petitioner's objections, (3) denies the petition for writ of habeas corpus, and (4) issues a certificate of appealability.

## BACKGROUND

**State Proceedings**

The Court hereby incorporates by reference the magistrate judge's accurate recitation of the facts as determined by the California Court of Appeal. (Report at 2-5.)  As the magistrate judge correctly noted, the Court presumes state court findings of fact to be correct.  In summary, petitioner planned to kill his friend Julie Kelin for about a month.  He arranged, as a ruse, to go to Kelin's apartment to pick up his pager, but his real reason was to kill her.  Petitioner sawed off the handle of a sledgehammer so he could hide it in his waistband, concealed it, and went to her apartment at a time petitioner knew Kelin's daughter would be at school.  Kelin let him in and petitioner was nice to her so that she would be comfortable.  Then, when Kelin kneeled to place paper in her printer, petitioner caught her by surprise, hitting her on the head several times with his hammer.  When Kelin fought back, petitioner threw her on the bed and strangled her with both of his hands and a telephone cord.  After being arrested on the day of the murder, petitioner confessed in full.  His video-taped confession was played to the jury, and the defense presented no testimony at trial.

On November 16, 2001, petitioner was charged with first degree murder in violation of California Penal Code Section 187(a).  (Lodgment No. 2 at 1-3.)  The complaint also alleged petitioner used a deadly weapon (a sledgehammer) in the commission of the murder within the meaning of California Penal Code Section 12022(b)(1), and alleged the murder was committed by means of lying in wait within the meaning of California Penal Code Section 190.2(a)(15).  Id.

On May 24, 2002, the trial court granted petitioner's motion to dismiss the lying-in-wait allegation, finding the allegation unconstitutionally vague.  A divided panel of the California Court of Appeal reversed in a published opinion dated January 16, 2003. People v. Superior Court (Bradway), 105 Cal. App. 4th 297, 309-11 (2003) (hereinafter Bradway).  Petitioner filed a petition for review in the California Supreme Court, which denied the petition over the dissent of three

1 | Justices who would have granted review. (Lodgments 3 & 4).

2 |     On February 4, 2004, a jury found petitioner guilty of first degree murder. (Lodgment No. 1 at 405-06.) The jury also found true the allegations petitioner personally used a deadly weapon and killed the victim by means of lying in wait. (Id.) On April 1, 2004, petitioner was sentenced to life imprisonment without the possibility of parole plus one year. (Id. at 444.)

    Petitioner appealed and the California Court of Appeal affirmed his conviction in an unpublished opinion. (Lodgment No. 8.) Petitioner filed a petition for review with the California Supreme Court which was denied on January 4, 2006.

**Federal Proceedings**

    Petitioner filed a timely petition for writ of habeas corpus on January 3, 2007, alleging the single claim that California's lying in wait special circumstance is unconstitutionally vague. (Doc. No. 1.) After an extension of time, respondent filed an answer on May 9, 2007. (Doc. No. 6.) On June 8, 2007, petitioner filed a traverse. (Doc. No. 7.) Magistrate Judge Porter issued a Report on October 31, 2007 (Doc. No. 9), and on December 3, 2007, petitioner filed objections (Doc. No. 11).

**DISCUSSION**

**A.**    **Legal Standards**

    The magistrate judge set forth the appropriate standard of review with regard to the petition. (Report at 5-7.) Where, as here, the California Supreme Court summarily denied petitioner's request for review, the Court analyzes the California Court of Appeal's opinion as the "last reasoned decision" on the merits of petitioner's case. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Medina v. Hornung, 386 F.3d 872, 877 (9th Cir. 2004). A petition under 28 U.S.C. § 2254 can be granted only if the California courts decided petitioner's case in a manner that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

    The Court reviews de novo those portions of the Report to which petitioner objects. 28 U.S.C. § 636(b)(1)(C); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

**B.     Standing**

Neither party has objected to the magistrate judge's recommendation the Court find petitioner has standing to raise his due process claim. (Report at 7.) Accordingly, the Court adopts the Report in this regard.

**C.     Due Process Claim**

Petitioner's Claim

Under California law, murder perpetrated by means of "lying in wait" is one type of first degree murder. Calif. Penal Code § 189. California law also defines "special circumstances" in which the penalty for first degree murder is "death or imprisonment in the state prison for life without the possibility of parole." Id. § 190.2(a). One such special circumstance applies when "[t]he defendant killed the victim by means of lying in wait." Id. § 190.2(a)(15). Petitioner was convicted of first degree murder by lying in wait and the jury also found the special circumstance of lying in wait to be true. Accordingly, petitioner was sentenced to life without the possibility of parole rather than twenty-five years to life. Petitioner argues his conviction violates the due process clause of the Fourteenth Amendment because California's special circumstance of "lying in wait" is materially indistinguishable from the "lying in wait" element of first-degree murder.

The California Court of Appeal rejected petitioner's argument on the merits in an interlocutory appeal. Bradway, 105 Cal. App. 4th at 297. The appellate court held the special circumstance of "lying in wait" requires intent to kill, but the element of "lying in wait" does not. Id. at 309-10. The appellate court further held petitioner's vagueness challenge failed when evaluated in light of the facts of his case. Id. at 309 (citing Maynard v. Cartwright, 486 U.S. 356, 361-62 (1988)). The court found the facts showed:

> Bradway decided to kill his victim, established a ruse to take her by surprise, prepared a weapon he could conceal when he went to her home under the ruse, where he watched and waited for an opportune time to strike his unsuspecting victim from a position of advantage, and when she kneeled on the floor with her back to him, did so strike her according to his plan.

Id. Given these facts, the court found the statute was not vague as applied to petitioner, because "[a]ny reasonable person considering [petitioner]'s conduct, or planning similar acts, would know that those acts constituted murder by means of lying in wait and that the special circumstance could

1 be alleged if the person in addition specifically intended to kill his victim by such means." Id. at
2 310.

3 Petitioner argues the Court of Appeal's decision is contrary to clearly-established federal
4 law as interpreted by the Ninth Circuit in Houston v. Roe, 177 F.3d 901 (9th Cir. 1999). In
5 Houston, the Ninth Circuit upheld California's special circumstance of "lying in wait" against a
6 state prisoner's vagueness challenge in his habeas petition. The court found the special
7 circumstance was not void for vagueness because of the "thin but meaningfully distinguishable line
8 between first degree murder lying in wait and special circumstances lying in wait." Id. at 907. The
9 court interpreted the special circumstance to require the lying in wait to directly lead to the murder,
10 a requirement not existing in the first degree murder element of lying in wait. Id. California voters,
11 however, removed this temporal requirement from the special circumstance allegation by voter
12 initiative in 2000. Petitioner argues the thin distinction approved by Houston has now been
13 removed and the intent distinction identified by the appellate court in petitioner's case is not
14 meaningful. Petitioner argues intent to kill is required for the "lying in wait" element of first
15 degree murder, and prosecutors always argue intent to kill can be inferred from lying in wait. In
16 petitioner's view, this identity between the "lying in wait" definitions gives prosecutors unfettered
17 discretion in deciding whether to charge the special circumstance of lying in wait and thus increase
18 the penalty from life with parole to life without the possibility of parole.

19 The Magistrate Judge's Report

20 The magistrate judge correctly identified the clearly-established federal law. The Due
21 Process Clause requires "that a penal statute define the criminal offense with sufficient definiteness
22 that ordinary people can understand what conduct is prohibited and in a manner that does not
23 encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357
24 (1983); see also Houston v. Roe, 177 F.3d 901, 907 (9th Cir. 1999) (quoting Kolender). In cases
25 not involving First Amendment interests, "[o]bjections to vagueness under the Due Process Clause
26 rest on the lack of notice, and hence may be overcome in any specific case where reasonable
27 persons would know that their conduct is at risk." Maynard v. Cartwright, 486 U.S. 356, 361-62
28 (1988).

As the magistrate judge found, to establish a violation of the Due Process Clause at

1 petitioner's trial, petitioner must show a reasonable person would not have known his conduct was
2 at risk of being charged as first degree murder with the special circumstance of "lying in wait."
3 Because petitioner did intend to kill Kelin, as stated in his confession and found to be true by the
4 jury and the appellate court, a reasonable person pursuing his course of conduct would have
5 received adequate notice the special circumstance applies to him.

6 <u>Petitioner's Objections</u>

7 Petitioner objects that his as-applied challenge should nevertheless succeed because the
8 statute creates too much prosecutorial discretion and enables arbitrary and discriminatory
9 enforcement. (Objections at 3.)  Petitioner cites <u>Kolender</u>, in which the Court stated "actual
10 notice" is less important than "the requirement that a legislature establish minimal guidelines to
11 govern law enforcement." 461 U.S. at 357. The Court explained its "concern here is based upon
12 the 'potential for arbitrarily suppressing First Amendment liberties.'" <u>Kolender</u>, 461 U.S. at 358
13 (internal citations omitted).

14 In this case, the state court did not unreasonably apply clearly-established federal law in
15 focusing on lack of notice, rather than curbing prosecutorial discretion. After deciding <u>Kolender</u>,
16 the Supreme Court reaffirmed that outside the First Amendment context, cases must be evaluated
17 based on their facts, and "[o]bjections to vagueness under the Due Process Clause rest on the lack
18 of notice." <u>Maynard</u>, 486 U.S. at 361-62.  In applying <u>Maynard</u>, rather than <u>Kolender</u>, to
19 petitioner's non-First Amendment case, the state court thus acted in accordance with federal law.[1]
20 <u>See also</u> <u>United States v. Powell</u>, 423 U.S. 87, 92-93 (1975) (holding statute was not void for
21 vagueness because it gave defendant adequate warning); <u>Alderman v. S.E.C.</u>, 104 F.3d 285, 289
22 (9th Cir. 1997) (rejecting vagueness challenge under due process clause where reasonable persons
23 would know conduct is at risk).

24 //
25 //

26 _____

27 [1]Because petitioner was not sentenced to death, he may not challenge the law under the Eighth Amendment. <u>Houston v. Roe</u>, 177 F.3d 901, 907 (9th Cir. 1999). The Eighth Amendment requires laws imposing the death penalty to provide a "meaningful basis for distinguishing" capital and non-
28 capital cases. <u>Gregg v. Georgia</u>, 428 U.S. 153, 188 (1976). Sentencing procedures may not "create a substantial risk that the punishment will be inflicted in an arbitrary and capricious matter." <u>Godfrey v. Georgia</u>, 446 U.S. 420, 428 (1980).

**D.     Certificate of Appealability**

The magistrate judge recommended the Court issue a certificate of appealability because reasonable jurists can disagree about the application of the void-for-vagueness doctrine to California's lying in wait special circumstance.  In petitioner's case, Judge McDonald dissented from the Court of Appeal's decision and three justices of the California Supreme Court dissented from that court's denial of review.  Bradway, 105 Cal. App. 4th at 311-14.  The Court agrees with the magistrate judge that petitioner has shown the issue is debatable among jurists of reason. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

CONCLUSION

For the foregoing reasons, the Court (1) ADOPTS the magistrate judge's Report in its entirety; (2) REJECTS petitioner's objections; (3) DENIES the petition for writ of habeas corpus, and (4) ISSUES a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: February 15, 2008**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**